**Fisher & Phillips LLP**

**New Jersey**
400 Connell Drive
Suite 4000
Berkeley Heights, NJ 07922

(908) 516-1050 Tel
(908) 516-1051 Fax

**Writer's Direct Dial:**
(908) 516-1066

**Writer's E-mail:**
dstrand@fisherphillips.com

**September 4, 2026**

***Via E-Mail and ECF***

Honorable Gary Stein, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007-1312
GSteinNYSDChambers@nysd.uscourts.gov

Re: Marmolejos-Tejeda v. Axsome Therapeutics, Inc.
Case No.: 1:26-cv-01953

Dear Magistrate Judge Stein:

This firm represents Defendants Axsome Therapeutics, Inc. ("Axsome"), Mark Jacobson, Michelle Gottlieb, and Erica Miu (the "Individual Defendants," and collectively with Axsome, the "Axsome Defendants") in the above-referenced action. Following Defendant's request for leave to file a motion for a more definite statement under Federal Rule of Civil Procedure ("Rule") 12(e), pro se Plaintiff Suacer Marmolejos-Tedeja ("Plaintiff") filed a First Amended Complaint ("FAC") on August 14, 2026. (Doc No. 28.) At the direction of the Court, by letter filed on August 21, 2026, the Axsome Defendants advised the Court that the Rule 12(e) motion request was moot but requested additional time to answer or respond to the FAC through and including September 11, 2026. (Doc. No. 29.) On August 25, 2026, the Court granted the Axsome Defendants' application to submit their response to the First Amended Complaint no later than September 11, 2026.

Given the Court's application of Rule 6.a of District Judge Cronan's Individual Rules of Practice to this civil case involving a pro se Plaintiff, the Axsome Defendants respectfully request permission to file a dismissal motion under Federal Rule of Civil Procedure 12(b)(6) to address pleading deficiencies within Plaintiff's FAC. Generally, the FAC fails to plausibly allege several requisite elements of Plaintiff's claims.

First, many of Plaintiff's claims depend on the premise that the Axsome Defendants terminated Plaintiff or unlawfully denied him continued employment. But the FAC alleges that Plaintiff received an external offer of employment on January 21, 2025, informed Axsome on

January 22 that he was considering leaving the company, and then "tendered notice" on January 27, effective February 7, 2026. (FAC ¶¶ 105, 127.) The FAC further alleges that only after resigning did Plaintiff seek to remain if Axsome accepted revised reporting conditions, thus characterizing those discussions as retention negotiations rather than reasonable accommodation discussions as part of an interactive process. (*Id.* ¶ 136.) Those allegations foreclose any plausible inference that the Axsome Defendants discharged Plaintiff, and they undermine his constructive discharge theory.

Second, Plaintiff's Labor Law § 740 whistleblower claim fails because the FAC does not plausibly allege protected whistleblowing activity. At most, Plaintiff pleads internal disagreement over IT controls, systems monitoring, access, and validation practices. (*Id.* ¶ 160.) He does not allege facts showing that he disclosed, threatened to disclose, or objected to conduct reasonably believed to be violative of any law, rule, or regulation, as opposed to strictly raising internal operational or compliance concerns. The FAC's conclusory invocation of statutory and regulatory provisions cannot substitute for factual allegations that Plaintiff actually reported perceived unlawful activity within the meaning of Labor Law § 740.

Third, Plaintiff's Americans with Disabilities ("ADA") and New York State Human Rights Law ("NYSHRL") accommodation claims fail because the requested "accommodation" was not a cognizable accommodation as a matter of law. The FAC alleges that Plaintiff sought a "reporting-boundary accommodation" requiring Defendant Miu to communicate through Plaintiff's direct supervisor, Dieter Ferreira, rather than directly managing Plaintiff and his team. (*Id.* ¶ 176.) Although framed as enforcement of an "existing hierarchy," the request is, in substance, a demand to alter supervisory relationships and insulate Plaintiff from a particular manager with ultimate authority over Plaintiff's department. The FAC admits that Plaintiff did not seek leave, reduced duties, reduced hours, or a physical workplace change. (*Id.* ¶ 108.)

Fourth, the New York City Human Rights Law cooperative-dialogue claim is inadequately pleaded because the FAC affirmatively alleges that Axsome engaged in dialogue and an interactive process related to Plaintiff's alleged "accommodation": Human Resources met with Plaintiff, discussed his alleged asserted limitations, allegedly proposed one structural option, Mr. Ferreira allegedly proposed another, Defendant Jacobson later met with Plaintiff, and Plaintiff allegedly renewed his requests on January 30 and 31. (*Id.* ¶¶ 113–116, 136, and 221.) All of this allegedly occurred in a short period. Dissatisfaction with the pace or outcome does not state an independent cooperative-dialogue claim.

Fifth, Plaintiff's disability retaliation claims fail because the principal alleged retaliatory acts occurred after Plaintiff had already resigned, including the denial of his post-resignation recission request to remain employed on different terms, the alleged failure to reconsider after Plaintiff's later complaints, and the February 6 cessation of system access one day before Plaintiff's departure date. (*Id.* ¶ 225.)

Sixth, the national origin retaliation claims should be dismissed at least in part because the FAC does not plead materially adverse action or but-for causation. Plaintiff alleges that he opposed

an asserted accent-based restriction concerning another employee, but the challenged acts largely consist of day-to-day management disagreements, changes in responsibility, and a promotion decision allegedly withdrawn months later amid broader restructuring allegations that predated Plaintiff's December 2024 opposition. (*Id.* ¶ .)

Finally, the Axsome Defendants anticipate seeking dismissal of certain claims against the Individual Defendants because the FAC does not plausibility allege facts sufficient to establish their personal liability under the NYSHRL or NYCHRL.

The Axsome Defendants respectfully submit that a motion to dismiss would likely materially streamline the case and narrow the issues substantially for discovery. The Axsome Defendants further request a final one-week extension of time to answer or respond to the FAC through and including September 18, 2026. This would permit Plaintiff to respond to this letter within 3 business days under the Court's Individual Rules, the Court to then hold a pre-motion conference or, alternatively, rule on the request, and provide the Axsome Defendants sufficient time to prepare their motion or responsive pleading.

Respectfully submitted,

*/s/ Jill Novak Dalrymple*

Jill Novak Dalrymple
Of Counsel
and
David E. Strand
Partner
For FISHER & PHILLIPS LLP

cc: Pro Se Plaintiff Suacer Marmolejos-Tejeda via Email at suacer.tejeda@gmail.com and ECF (via consent)